UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Plaintiffs<br><br>vs.<br><br>FAR EAST ELECTRICAL, INC., Defendant<br><br>and<br><br>SOVEREIGN BANK, Trustee | C.A. No. 05-11634 RGS |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

   This is an action brought to collect contributions due employee benefit funds under the

terms of a collective bargaining agreement.  Plaintiffs (hereinafter "the Funds") are employee

benefit plans.  Defendant Far East Electrical, Inc. (hereinafter "Far East") is a Massachusetts

corporation that has defaulted. This action has been brought pursuant to §502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

The Clerk, on or about January 17, 2006, entered a Notice of Default. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding Defendant liable for $15,648.12, representing contributions and dues owed to the Funds, together with interest, liquidated damages, and reasonable attorneys' fees and costs.

## **FACTS**

Far East has been signatory to successive collective bargaining agreements with Local 103, I.B.E.W. since on or about February 27, 2002, including the agreement effective from September 1, 2003 through August 31, 2006 ("Agreement"). See Affidavit of Richard Gambino in Support of Motion for Entry of Default Judgment ("Gambino Aff."), par. 2. The Agreement obligates Far East to contribute to Plaintiff Funds for every hour worked by its covered employees. Gambino Aff., par. 3. Payments must be made by the 15th of the month following the month in which the work is performed. Id. Pursuant to the terms of the Agreement, Far East is also obligated to submit, with the fringe benefit contributions, the dues that it has deducted from its employees' wages. Gambino Aff., par. 4. These payments must be submitted with payroll reports, listing the names of the covered employees, the hours worked and the amounts paid. Id. Based on Remittance Reports submitted by Far East, it owes the Funds $4,876.58 in

fringe benefit contributions for the months of June, September and October, 2004 and March, 2005, as it underpaid in each of those months.  Gambino Aff., par. 5.

## ARGUMENT

Judgment by default should enter where the plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person.  Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law.  First, Plaintiffs' claim is for a sum certain.  Plaintiffs have ascertained via remittance reports that Far East owes the Funds $4,876.58 in fringe benefit contributions for the months of June, September and October, 2004 and March, 2005, as it underpaid in each of those months.  Further, prejudgment interest on the contributions owed is mandated by ERISA, 29 U.S.C. §1132(g)(2)(B).  Pursuant to the terms of the Agreement, the Trust Agreements, and Section 4.05 of the Funds' Collection Policy, Far East owes interest at the per month rate of 1.5% of the delinquent contributions.  As such, Far East currently owes the Funds $8,119.88 in interest on late-paid and unpaid contributions.  Gambino Aff., par. 6.

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20 percent of the contributions owed (or such higher percentage as may be permitted under Federal or state law), or in an amount equal to interest on the contributions owed, whichever is greater.  29 U.S.C. §1132 (g)(2)(C)(i) and (ii).  In the instant case, the Agreement provides for liquidated damages equal to the amount of the outstanding delinquent contributions owed as of December 1, 2004 multiplied by the percentage used to allocate net investment income to individual accounts under the Electrical Workers Deferred Income Fund

3

for the year ending on November 30.  The current percentage is 7.768 percent.  Gambino Aff., par. 7.  Thus, Far East owes liquidated damages in the amount of $378.81.  <u>Id.</u>  Finally, attorneys' fees and costs are also mandated by ERISA.  29 U.S.C. §1132(g) (2)(D).  Further, Section 4.05 of the Funds' Collection Policy states that the delinquent employer is to be liable for all costs of collection, including attorneys' fees.  Attorneys' fees and costs of this action are $1,424.04.  <u>See</u> Affidavit of Anne R. Sills.  These figures demonstrate that Plaintiffs' claim is for a sum certain.

Finally, Defendant is neither an infant nor incompetent person.  Defendant is also not in the military service.  <u>See</u> Affidavit of Richard Gambino as to Military Service, Infancy and Incompetence.

## **CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully submit that this Motion for Default Judgment be granted, and that judgment enters against Defendant Far East Electrical, Inc. in the amount of $15,648.12, representing unpaid contributions and dues, underpayments, interest on the contributions owed, liquidated damages, and reasonable attorneys' fees and costs.

Respectfully submitted,

RUSSELL F. SHEEHAN, as he is
ADMINISTRATOR, ELECTRICAL
WORKERS' HEALTH AND WELFARE
FUND, LOCAL 103, et al,

By their attorneys,

<u>/s/ Gregory A. Geiman</u>
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street

4

        Suite #500  
        Boston, MA  02108  
        (617) 742-0208  
        ggeiman@segalroitman.com

Dated:  February 17, 2006

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Memorandum in Support of Motion for Entry of Default Judgment has been served by first class mail upon defendant Far East Electrical, Inc. at 10 Haven Lane, Wayland, MA  01778 this 17th day of February, 2006.

        /s/ Gregory A. Geiman  
        Gregory A. Geiman, Esquire

GAG/gag&ts  
ARS 3013 04-129/memo-supmot-dj.doc

5